# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, JUDGE

Civil Case No. 09-cv-01963-LTB-CBS

D & R'S ASPEN RETIREMENT PLAN, LLC, New York limited liability company,

    Plaintiff and Counter-Defendant,

v.

SCOTT DEGRAFF,

    Defendant, Counterclaim-Plaintiff, and Third-Party Plaintiff,

v.

DAVID BLUMENFELD,
EDWARD BLUMENFELD,
BRAD BLUMENFELD, and
RICHARD J. MACK,

    Third-Party Defendants.

___

# ORDER
___

THIS MATTER is before me on Plaintiff and Counterclaim Defendant D & R's Aspen Retirement Plan, LLC and Third-Party Defendants David Blumenfeld, Edward Blumenfeld, Brad Blumenfeld, and Richard J. Mack's Motion for Summary Judgment, filed on July 30, 2010 (docket #46). Plaintiff D & R's Aspen Retirement Plan, LLC (D & R) asserts a breach of contract claim against DeGraff. DeGraff in his Answer, Counterclaims, and Third-Party Complaint asserts a breach of contract: partnership and joint venture claim, breach of fiduciary duty claim, breach of implied covenant of good faith and fair dealing claim, promissory estoppel claim, and fraud in the inducement claim. Neither DeGraff, nor counsel on his behalf, has filed a response to this motion. DeGraff is currently not

represented by counsel. Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, the motion is granted.

I. FACTS

The following facts derive from Plaintiff's Motion for Summary Judgment, and being uncontested, are accepted as true. On March 18, 2008, DeGraff, as borrower, executed a revised Promissory Note in his personal capacity for $3,000,000 to D & R, as lender. Under the terms of the promissory note, DeGraff was required to pay D & R $3,000,000 with an annual fixed interest rate equal to ten percent on a cumulative, non-compounding basis on the maturity date. DeGraff admits that he did not pay D & R in connection with the promissory note. As of May 18, 2010, the amount owed on the promissory note was $3,773,095.89. DeGraff, Mack, and Blumenfeld discussed the loan after it was signed and continued to negotiate the potential terms of converting the loan into capital or investing in another one of DeGraff's entities, Junk Investors, LLC. On March 26, 2009, DeGraff's attorneys drafted a memorandum to DeGraff that reflected their advice that the $3,000,000 loan was past due and that there was no present agreement with Mack/Blumenfeld for any equity interest in any of the Junk entittes including Fun Worldwide LLC (FWW).

DeGraff characterized the $3,000,000 loan by D & R as a loan and not as a capital contribution in FWW's general ledgers. Based on direction from DeGraff, his accountant characterized the loan as recourse debt and not a capital contribution. Degraff admitted on numerous occasison that the parties had not reached a FWW deal and his correspondence with Mack/Blumenfeld reflected the same. DeGraff alleges that in the spring of 2007, he entered into a partnership with Third-Party Defendants. DeGraff cannot name with any

specificity who the partners in his alleged FWW partnership are. No partnership documents were ever drafted, circulated or executed. The alleged oral partnership agreement was never memorialized in writing. DeGraff viewed the Third-Party Defendants as passive investors with no role in the operation of the club or operations of the LLC. DeGraff's alleged FWW partnership never registered with any Secretary of State; never filed tax returns; never issued any K-1s to its partners; never transacted any business; never had bank accounts; never had any employees; and never owned any intellectual property.

II.     STANDARD OF REVIEW

The purpose of a summary judgment motion is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is not proper if—viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor—a reasonable jury could return a verdict for the non-moving party. *Mares v. ConAgra Poultry Co.*, Inc., 971 F.2d 492, 494 (10th Cir. 1992).

In a motion for summary judgment, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, *supra*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)). If this burden is met, then the non-moving party has the burden of showing there are genuine issues of material fact to be determined. *See id.* at 322. It is not enough that the evidence

be merely colorable; the non-moving party must come forward with specific facts showing a genuine issue for trial. *See id.*; *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). I shall grant summary judgment, therefore, only if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lucas v. Mountain States Tel. & Tel.*, 909 F.2d 419, 420 (10th Cir. 1990); Fed. R. Civ. P. 56(c).

In a motion for summary judgment, I view the evidence "through the prism of the substantive evidentiary burden." *Liberty Lobby, supra*, 477 U.S. at 254. The inquiry is based on "the quality and quantity of evidence required by the governing law" and "the criteria governing what evidence would enable the jury to find for either the plaintiff or the defendant." *Id.*

    A.    Failure to Respond

Where a party fails to respond to a motion for summary judgment, a district court may grant that motion either on its merits or as a sanction against the nonmoving party. *See Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003). Although the district court may deem the motion uncontested, it may not grant the motion as a matter of course simply because the nonmoving party failed to respond. *See id.*; *see also Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). Rather, the court must undergo the traditional Rule 56 analysis. Therefore, "[b]efore the burden shifts to the nonmoving party to demonstrate a genuine issue, the moving party must meet its 'initial responsibility' of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a

4

matter of law." *Reed*, 312 F.3d at 1194.

However, "[b]y failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Id.* at 1195. Furthermore, a court is to "accept as true all material facts asserted and properly supported in the summary judgment motion." *Id.* If those facts entitle the moving party to judgment as a matter of law, that party should be granted summary judgment. *Id.*

In the alternative, a district court may grant summary judgment as a sanction against a nonmoving party for failing to respond. *Issa*, 354 F.3d at 1177. In order to grant a summary judgment as a sanction, a court must undertake an explicit analysis of the three factors established in *Meade v. Grubbs*, 841 F.2d 1512, 1519-22 (10th Cir. 1988). See *Issa*, 354 F.3d at 1177. A court must consider: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. *Reed*, 312 F.3d at 1195. Generally, however, a court's inclination to grant summary judgment as a sanction for failing to defend is tempered by a strong preference for deciding cases on their merits. *See id.*

III.     ANALYSIS

D & R and Third-Party Defendants request that I enter Summary Judgment (1) in favor of D & R's Breach of Contract claim; (2) against Degraff's Counterclaims and Third-Party Complaint

        A.     D & R's Claim

              1.     Breach of Contract Claim

The promissory note at issue in this case requires the application of New York law

as agreed upon by the parties. The elements of a breach of contract claim under New York law are (1) the existence of a contract; (2) due performance by plaintiff; (3) breach of contract by defendant; and (4) damage as a result of the breach. *Campo v. 1st Nationwide Bank*, 857 F. Supp. 264, 270 (E.D. N.Y. 1994). After review of the undisputed facts, I find that there is no material dispute of facts as to the elements of Plaintiff's breach of contract claim. DeGraff executed the promissory note and DeGraff was provided with $3,000,000. The terms of that promissory note are unambiguous. DeGraff then failed to fulfill the terms of the promissory note. Plaintiff clearly incurred damages in the form of unpaid amounts due from DeGraff under the promissory note.

DeGraff, in his Answer, raises several affirmative defenses which are addressed in Plaintiff's Motion. Plaintiff asserts that these affirmative defenses should be rejected. I agree for two reasons. First, "[u]nder New York law .... if a contract is unambiguous on its face, the parties' rights under such contract should be determined solely by the terms expressed in the instrument itself 'rather than from extrinsic evidence as to terms that were not expressed or judicial views as to what terms might be preferable.'" *Care Travel Co. V. Pan Am. World Airways, Inc.*, 944 F.2d 983, 987 (2d. Cir. 1991)(*quoting Metro. Life Ins. Co. v. RJR Nabisco, Inc.*, 906 F.2d 884, 889 (2d. Cir. 1990). As stated above, the terms of the promissory note are unambiguous. Therefore, it is only necessary for me to review the instrument itself. Second, DeGraff may not rely solely on the pleadings to contest a motion for summary judgment. *See* Fed. R. Civ. P.56(e). DeGraff has failed to meet his burden regarding the breach of contract, as such Plaintiff is entitled to summary judgment as matter of law on its breach of contract claim against Defendant.

B.  DeGraff's Claims

These claims rest upon Colorado law.

1.  Breach of Contract Claim

D & R and Third-Party Defendants argue that the absence of a partnership agreement warrants summary judgment on Defendant's breach of contract, breach of fiduciary duty and breach of implied covenant of good faith and fair dealing claims. As to the breach of contract claim, Plaintiff asserts that the undisputed evidence reflects the absence of an express, implied, or de facto partnership. Further, because the breach of contract claim is entirely dependant on an alleged partnership or joint venture, it must fail because no reasonable trier of fact could find that such a partnership existed.

DeGraff, in his Counterclaim, asserts that the Third-Party Defendants breached the FWW partnership agreement by failing and refusing to contribute capital to the FWW in a timely and complete fashion. He also asserts that they breached the agreement to fund Junk Investors LLC. DeGraff must prove: (1) the existence of a contract; (2) performance by DeGraff (3) failure to perform the contract by Third-Party Defendants; and (4) resulting damages. The entirety of DeGraff's breach of contract claim is based on a finding that there is a partnership agreement between the parties.

A joint venture cannot arise by mere operation of law, its legal force being derived from voluntary agreement of the parties either express or implied. *Realty Dev. Co. v. Feit, 154 Colo. 44, 45, 387 P.2d 898, 899 (1963).* There are three elements for determining whether a joint venture relationship exists, emphasizing that no one element alone is sufficient: (1) there must be joint interest in the property by the parties sought to be held as partners; (2) there must be agreements, express or implied, to share in the profits and losses of the venture; and (3) there

must be actions and conduct showing co-operation in the project. *Sleeping Indian Ranch, Inc. v. W. Ridge Group*, 119 P.3d 1062, 1069 (Colo. 2005) *citing Id.* (the key element is joint "and not several profits") (emphasis in original) (internal quotations omitted); *see also Breckenridge Co. v. Swales Mgmt. Corp.*, 185 Colo. 160, 163-64, 522 P.2d 737, 739 (1974). Importantly, "the pooling of property, money, assets, skill, or knowledge does not create the relationship of joint venture in the absence of intent as manifested from the facts and circumstances involved in each particular case." *Sleeping Indian Ranch, Inc.*, 119 P.3d at 1069 *citing* 46 Am. Jur. 2d § 12 (2005).

Here, the undisputed facts show that Degraff, D &R, and the Third-Party Defendants never finalized the material terms of their relationship outside of the promissory note. The alleged partnership never filed any K-1's or issue 1065s to any alleged partner, nor did the partnership file any tax related document. In fact, DeGraff's account had never heard of the alleged partnership. DeGraff has admitted the lack of a final deal after the date in which he claimed the partnership was formed. As such, no reasonable jury could find that a breach of the partnership agreement as I find and conclude that no partnership was formed. Therefore, summary judgment on this claim is appropriate.

### 2. Breach of Fiduciary Duty Claim

Plaintiff and Third-Party Defendants assert that summary judgment is appropriate as to DeGraff's Breach of Fiduciary Duty Claim because there is no fiduciary duty between the parties as they were not partners or joint venturers. In order to recover on a claim for breach of fiduciary duty, a plaintiff must prove: 1) that the defendant was acting as a fiduciary of the plaintiff; 2) that he breached a fiduciary duty to the plaintiff; 3) that the plaintiff incurred damages; and 4) that the defendant's breach of fiduciary duty was a cause of the plaintiff's

damages. CJI-Civ. 26:1 (2010).  A fiduciary relationship can only take place in case such as this one where there is a finding that D & R and Third-Party Defendants were acting as DeGraff's partners in FWW.  See CJI-Civ 26:2.  Here, for the reasons listed above DeGraff's claims based on this alleged partnership must fail.  Therefore, summary judgment is appropriate as to DeGraff's breach of fiduciary duty claim.

    3.  Breach of Implied Covenant of Good Faith and Fair Dealing Claim

Plaintiff and Third Party Defendants assert that Defendant's good faith and fair dealing claim must fail because DeGraff has failed to allege or provide evidence of the necessary contractual discretion that would implicate this covenant under Colorado law.  In his Counterclaim, DeGraff alleges that Third-Party Defendants breached the implied duty of good faith and fair dealing "in their treatment of DeGraff."  The implied covenant of good faith and fair dealing is breached only when a party uses discretion conferred by the contract to act dishonestly or to act outside of accepted commercial practices to deprive the other party of the benefit of the contract.  *ADT Sec. Servs., Inc. v. Premier Home Prot., Inc.*, 181 P.3d 288, 293 (Colo. App. 2007)(citation omitted).  DeGraff has failed to meet his burden to show that any disputed material fact exists to support this claim.  He points to absolutely no discretionary terms in the promissory note.  As such, I find that no reasonable jury could find that the contract conferred any discretion to either Plaintiff or the Third-Party Defendants to determine open terms of the contract.

    4.  Promissory Estoppel Claim

Plaintiff and Third-Party Defendants assert that Degraff has failed to provide sufficient evidence of what series of promises and commitments were made and what his reliance is, as a matter of law.  DeGraff only asserts that the basic deal was an agreement to invest 5

million in capital contribution to FWW, LLC.  Plaintiff and Third-Party Defendants argue that this claim lacks the specificity to be enforced via promissory estoppel.  They note that DeGraff cannot point to a time by which D & R or Third-Party Defendants were required to make this alleged contribution or any other necessary terms.  It is undisputed that many of the basic terms such as how to split profits, preferred return on capital, what opportunities would be shared, the time of the initial investment, development fees, subscription rights, the date of formation, and its durations, termination and dissolution were never finalized.  They go on to state that the alleged promise is contradicted by the evidence: there are drafts which indicated a $1,000,000 note early on, but then as 2008 approached, the parties circulating promissory notes evidenced a loan, with amounts fluctuating between $1,000,000 and $5,000,000 and ultimately settling on $3,000,000.  Further, they assert because a contract exists on the same subject matter, the promissory note, the promissory estoppel claim must fail.

To recover on a promissory estoppel theory a party must establish that (1) the promisor made a promise to the promisee; (2) the promisor should reasonably have expected that promise would induce action or forbearance by the promise; (3) the promisee in fact reasonably relied on the promise to the promisee's detriment; and (4) the promise must be enforced to prevent injustice.  *Tinely v. Poly-Triplex Techs.,* 2010 U.S.Dist. Lexis 48007 *5 (D. Colo., Apr. 19, 2010) *citing* *Nelson v. Elway*, 908 P.2d 102, 110 (Colo. 1995). The promise must be "clear and unambiguous." *Hansen v. GAB Bus. Servs., Inc.*, 876 P.2d 112, 114 (Colo. App. 1994).  It must also be sufficiently definite to allow a court to understand the nature of the obligation.  *Soderlun v. Pub. Serv. Co.*, 944 P.2d 616, 620 (Colo. App. 1997);  *George v. Ute Water Conservancy Dist.*, 950 P.2d 1195, 1199 (Colo. App. 1997).

I find and conclude that Plaintiff and Third-Party Defendants' communications with DeGraff were merely a part of a negotiation process and did not constitute as a matter of law a valid promise. Any reliance by DeGraff on the comments made during the negotiation process was not reasonable. Summary judgment is appropriate as to DeGraff's promissory estoppel claim. Alternatively, because I have already found that there is an actual enforceable agreement covering the same subject matter, summary judgment is appropriate as a matter of law. *See Pickell v. Arizona Componets Co.*, 902 P.2d 392, 394 -95 (Colo. App. 1994), rev'd on other grounds, 9331 P.2d 1184 (Colo. 1997).

5.  Fraud in the Inducement

In DeGraff's Counterclaim, he asserts that Third-Party Defendants and D & R made false representations in connection with the second promissory note. He goes on to say that they concealed that their intention was to make DeGraff individually liable on the second promissory note rather than to make a capital contribution to FWW. He further asserts that David Blumenfeld, on his behalf and on behalf of the Third-Party Defendants and D & R fraudulently induced him to execute the second promissory note by stating that the underlying partnership had not changed and the second promissory note would be fixed later. Additionally, DeGraff asserts that Blumenfeld insisted that he sign the second promissory note immediately knowing that the Third-Party Defendants' failure to make agreed capital contributions earlier had placed DeGraff in a precarious financial condition.

Plaintiff and Third-Party Defendants argue that DeGraff's first statement of alleged fraud – that he was told "the partnership had not changed" — fails as a matter of law, because no partnership existed, and hence DeGraff's fraud claims relating to the alleged partnership fail. Further, they assert that DeGraff has failed to produce any admissible evidence that would

11

support his vague allegation. Conversely, there are documents and testimony from DeGraff and his attorneys indicating that the parties' discussions regarding FWW, LLC were constantly evolving – the opposite of DeGraff's allegation that he was told that the partnership relationship had not changed.

The elements of a fraud in the inducement claim are: (1) A false representation of a material existing fact, or a representation as to a material existing fact made with a reckless disregard of its truth or falsity; or a concealment of a material existing fact, that in equity and good conscience should be disclosed; (2) knowledge on the part of the one making the representation that it is false; or utter indifference to its truth or falsity; or knowledge that he is concealing a material fact that in equity and good conscience he should disclose; (3) ignorance on the part of the one to whom representations are made or from whom such fact is concealed, of the falsity of the representation or of the existence of the fact concealed; (4) the representation or concealment is made or practiced with the intention that it shall be acted upon; and (5) action on the representation or concealment resulting in damage. *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, 249 Fed. Appx. 63, 83 (10th Cir. 2007) *citing Trimble v. City & County of Denver*, 697 P.2d 716, 724 (Colo. 1985)

This claim is devoid of any details of fraud. DeGraff has failed to allege any false representation of a material fact. He has also failed to demonstrate that Plaintiff or Third-Party Defendants had any knowledge regarding the statements being false. This cause of action fails as a matter of law.

  C.  Summary Judgment as a Sanction

As previously noted, I may grant summary judgment against a non-responsive party for failing to defend his case. I must apply the *Meade* factors when doing so: (1) the degree of

actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. Even where a pro se plaintiff had actual notice of a local rule giving 15 days to respond to a motion, dismissal with prejudice for violation of the rule was an abuse of discretion absent a "clear record of delay or contumacious conduct." 841 F.2d at 1522. Here, although DeGraff failed to respond to the motion at issue, there is no clear record of dely or contumacious conduct. As such, summary judgment as a sanction is not appropriate.

IV. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiff and Counterclaim Defendant D & R's Aspen Retirement Plan, LLC and Third-Party Defendants David Blumenfeld, Edward Blumenfeld, Brad Blumenfeld, and Richard J. Mack's Motion for Summary Judgment, filed on July 30, 2010 (docket #46) is **GRANTED**. It is

FURTHER ORDERED that Plaintiff shall file a Statement of Damages with a calculation of the amount owed on the promissory note, on or before Friday, October 22, 2010. It is

FURTHER ORDERED that Counterclaim-Plaintiff/Third-Party Plaintiff Scott DeGraff's Claims/Counterclaims are **DISMISSED WITH PREJUDICE** with costs awarded to Counterclaim Defendant D & R's Aspen Retirement Plan, LLC and Third-Party Defendant David Blumenfeld, Edward Blumenfeld, Brad Blumenfeld, and Richard J. Mack. It is

FURTHER ORDERED that Judgment shall enter in favor of Plaintiff D & R's Aspen Retirement Plan, LLC and Third-Party Defendant David Blumenfeld, Edward Blumenfeld, Brad Blumenfeld, and Richard J. Mack and against Defendant Scott DeGraff.

Dated: October 12, 2010

BY THE COURT:

s/Lewis T. Babcock
Lewis T. Babcock, Judge